RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
LAWRENCE M. HADLEY (SBN 157728)
lhadley@mckoolsmithhennigan.com
ALAN P. BLOCK (SBN 143783)
ablock@mckoolsmithhennigan.com
JEFFREY HUANG (SBN 266774)
jhuang@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

THEODORE STEVENSON III (PRO HAC VICE)
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Attorneys for Plaintiff
PERSONALWEB TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PERSONALWEB TECHNOLOGIES LLC AND LEVEL 3 COMMUNICATIONS, LLC., <br><br> Plaintiffs, <br><br> v. <br><br> NETAPP, INC. <br><br> Defendant. | Case No. 5:13-cv-01359-EJD <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT NETAPP, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE MEMORANDUM OPINION AND ORDER OF AUGUST 5, 2013** |

## I. INTRODUCTION

NetApp seeks leave to move for reconsideration of the Texas Court's August 5, 2013 Memorandum Opinion and Order construing disputed claim terms ("*Markman* Order"). NetApp bases its motion on an alleged "oversight" regarding one of the patents-in-suit. According to NetApp, this alleged "oversight" occurred when the Texas Court did not separately construe an individual term used within the context of a larger phrase, which the Texas Court did construe. NetApp had sought a separate construction for the individual term so it could read a separate limitation into the larger phrase, even though the separate limitation would conflict with the specification. By not giving the individual term a separate construction, NetApp asserts that it should be permitted to seek reconsideration of the *Markman* Order under Civil L.R. 7-9(b)(3) because the Texas Court (1) failed to consider material facts or dispositive legal arguments presented to the Court, and (2) failed to address the dispute between the parties regarding a term in one of the patents-in-suit.

The Texas Court did not "overlook" NetApp's position; the Court rejected it. In the Markman Order, the Texas Court carefully and accurately explained NetApp's argument for construing the individual term. After explaining the dispute, the Texas Court found that the individual term required no further construction apart from the larger phrase. As a result, the Texas Court declined to add the limitation to the larger phrase that NetApp sought. NetApp's dissatisfaction with the Texas Court's decision is not grounds for reconsideration under Civil L.R. 7-9(b)(3). Thus, NetApp motion should be denied, and NetApp should not be allowed to re-brief and reargue its rejected position.

## II. BACKGROUND

PersonalWeb has filed twelve separate patent infringement cases in the Eastern District of Texas, collectively asserting infringement of nine related patents. Four of the cases have been transferred to this Court. Before transferring the four cases, the

Texas Court conducted a joint *Markman* proceeding in which the Court construed disputed claim terms in seven of the earliest pending cases, including the four cases transferred to this Court.

The patents-in-suit all claim priority to a common application. Each patent broadly pertains to the use of a computed identifier as the name for a sequence of bits in a computer system. Collectively, the nine patents have over 600 issued claims. These claims cover various ways in which the identifiers are computed and various uses for the identifiers, such as identifying data items, determining the existence of data items, locating data items, and accessing data items.

The claims of nine patents use various terms and phrases for the identifiers that substitute for the name of a sequence of bits. Different terms and phrases for the identifiers are used because the claims recite different ways in which the identifiers are calculated. For example, U.S. Patent No. 5,978,791 uses the phrase "substantially unique identifier." Other patents use the synonymous phrases "True Name" or "data identifier" to describe the name for a sequence of bits calculated in the same way. During the *Markman* process, the Texas Court construed "substantially unique identifier" and the synonymous phrases as "an identity for a data item generated by processing all of the data in the data item, and only the data in the data item, through an algorithm that makes the identifier substantially unique." (Markman Order at 16).

In the *Markman* proceedings, two defendants — NetApp and Amazon — asked the Texas Court to separately construe the term "identifier" within the phrase "substantially unique identifier" in the '791 patent. By asking the Texas Court to separately construe "identifier," NetApp and Amazon sought to engraft a "computer network" requirement within the phrase "substantially unique identifier" — *i.e.*, a new limitation such that the substantially unique identifier only exists "in a computer network." NetApp and Amazon could not point to anything in the claims, specification, or file history of the '791 patent that supported its "in a computer

1 network" limitation. Rather, NetApp and Amazon pointed to a single statement made
2 by PersonalWeb as part of a post-issuance Inter Partes Review ("IPR") of the '791
3 patent before the Patent Trial and Appeal Board ("PTAB").

4 The parties fully aired, and the Texas Court fully considered (and rejected)
5 NetApp's and Amazon's request to add the "computer network" limitation into the
6 construction of "substantially unique identifier" in the '791 patent by separately
7 construing the term "identifier." First, the parties fully briefed the issue. Second, as
8 NetApp admits, the parties addressed the issue in oral argument. Finally, in the
9 Markman Order, the Texas Court explained the parties' dispute on this issue in detail:

> PersonalWeb contends the word "identifier" is readily
> understood to mean "something that identifies" or "a value
> that identifies." Brief at 3. PersonalWeb notes that several
> Defendants have not asked the Court to construe this term,
> which illustrates that it can be readily understood without
> further construction. *Id*. at 4.
>
> * * *
>
> Additionally, PersonalWeb argues the construction should
> not include the phrase "for use in a computer network." *Id*.
> at 7. Instead, PersonalWeb contends an identifier can be
> used in a computer network or on a single computer. *Id*. In
> support, it cites a portion of the specification teaching an
> embodiment using "one or more processors (or computers)."
> *See* '791 Patent, at 4:58–61. Thus, PersonalWeb believes
> NetApp and Amazon's construction improperly imports a
> limitation from an embodiment into the Claims. *Id*. at 8.
> NetApp and Amazon argue "identifier" as used in
> "substantially unique identifier" in the '791 Patent should be

3

Case No. 5:13-cv-01359-EJD
OPPOSITION TO MOTION FOR LEAVE TO SEEK RECONSIDERATION

934106

> construed as "a name or a substitute for a name for a data item for use in a computer network." Response at 16. Defendants base this construction on statements made by PersonalWeb during the IPR of the '791 Patent. Defendants contend PersonalWeb distinguished the '791 Patent from prior art by arguing the result of an algorithm in the reference did not serve as a name or substitute for a name in a computer network. *See id*. at 17. Based on this statement, Defendants assert that 'PersonalWeb deliberately and unambiguously disclaimed any interpretation of 'identifier' that is not a name or a substitute for a name.' *Id*. at 18.

(Markman Order at 16-17).

After describing the issue, the Texas Court rejected NetApp's and Amazon's request for a separate "computer network" construction of "identifier." While the Texas Court stated that the parties "primary" dispute at the hearing regarding a separate construction for "identifier" focused on claims in the '310 patent, the Texas Court still addressed why it would be incorrect to provide a separate construction for the term "identifier" within the context of the phrase "substantially unique identifier" as used in the '791 patent. Specifically, the Texas Court found that the inventors used the term "substantially unique identifier" to refer to one type of identifier, and the term "identifier," standing alone, to refer to something different:

> Further, during prosecution of the original parent application, the patentee used 'identifier' in a manner clearly distinct from 'substantially unique identifier:'

(Markman Order at 18). As the Texas Court pointed out, the phrase "substantially unique identifier" is not used in the '310 patent. *Id*. Rather, it is only used in the '791 patent. Because "substantially unique identifier" is only used in the '791 patent, the

4

Case No. 5:13-cv-01359-EJD  OPPOSITION TO MOTION FOR LEAVE TO SEEK RECONSIDERATION

934106

Texas Court necessarily addressed NetApp's argument regarding "identifier" in the context of the '791 patent when it gave the above-quoted reason for declining to provide a separate construction for "identifier" within that phrase.

## III. ARGUMENT

NetApp admits that reconsideration under the local rules of this Court is appropriate only if the Texas Court (1) failed to consider material facts or dispositive legal arguments presented to the Court, and (2) failed to address the dispute between the parties regarding a term in one of the patents-in-suit. Neither applies.

NetApp's motion is entirely premised on the assertion that the Texas Court "overlooked" NetApp's argument regarding the "identifier" term, standing alone, as used specifically in the '791 patent. According to NetApp, the Texas Court only addressed the argument in the in the context of the '310 patent. But the Texas Court considered and rejected NetApp's argument in the context of both patents. As demonstrated above, the Texas Court fully and accurately described the dispute between the parties in its *Markman* Order. It then resolved the dispute in the context of both a "content-based name" as used in the '310 patent and a "substantially unique identifier" as used in the '791 patent. Just because the Texas Court said that the parties "primarily" addressed the dispute during oral argument in the context of the '310 patent does not mean that the Texas Court failed to resolve the dispute in the context of the '791 patent as well. Plainly, it did.[1] Thus, no legally-recognized basis

---

[1] Tellingly, Amazon did not ask the Texas Court for reconsideration or assert that the Texas Court failed to consider the allegedly "unique" issue regarding the "identifier" term, standing alone, in the context of the '791 patent. As the only other defendant during the *Markman* process to make the same argument regarding the "identifier" term, Amazon must know that NetApp is seeking leave to reargue the issue before this Court. Amazon must have though better of testing the Texas Court's recollection what was and was not considered in the *Markman* Order.

5
Case No. 5:13-cv-01359-EJD          OPPOSITION TO MOTION FOR LEAVE TO SEEK RECONSIDERATION

934106

exists for NetApp to seek reconsideration of the *Markman* Order.[2]

## IV. CONCLUSION

For the foregoing reasons, PersonalWeb respectfully requests that the Court deny Defendant's motion.

DATED: October 10, 2013     MCKOOL SMITH HENNIGAN, P.C.


By: */s/ Lawrence M. Hadley*
    Lawrence M. Hadley

RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
LAWRENCE M. HADLEY (SBN 157728)
lhadley@mckoolsmithhennigan.com
ALAN P. BLOCK (SBN 143783)
ablock@mckoolsmithhennigan.com
JEFFREY HUANG (SBN 266774)
jhuang@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone:  (213) 694-1200
Facsimile:  (213) 694-1234

THEODORE STEVENSON III
tstevenson@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Facsimile:  (214) 978-4044

Attorneys for Plaintiff, PERSONALWEB TECHNOLOGIES, LLC.

---

[2] Even if NetApp were allowed to reargue claim construction, its effort would be futile. Courts do not recognize "IPR statement estoppel." Moreover, PersonalWeb did not disclaim any claim scope during the IPR to distinguish any prior art. Thus, the statements made during the IPR, even if fairly characterized by NetApp (which they are not) cannot be used to exclude from the claims embodiments expressly described in the specification.

6

Case No. 5:13-cv-01359-EJD     OPPOSITION TO MOTION FOR LEAVE TO SEEK RECONSIDERATION

934106

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 10, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

                                                                         /s/ Lawrence M. Hadley